UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHARLES EGBERT CLARKE** | : | **CIVIL ACTION NO. 11-cv-1596** |
| A# 039-059-578 | | |
| | : | **SECTION P** |
| **VERSUS** | | |
| | : | **JUDGE TRIMBLE** |
| **ERIC H. HOLDER, JR., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of *habeas corpus* filed on August 30, 2011, by *pro se* petitioner, Charles Egbert Clarke, pursuant to 28 U.S.C. § 2241. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE). He is presently detained at the Federal Detention Center, Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

Petitioner is a native and citizen of Guyana. He was convicted in New York in 2006 of criminal possession of crack cocaine in the seventh degree, after he had been convicted in 1995 of criminal possession of cocaine in the seventh degree. He asks this court, through § 2241 petition, to review a deportation order which he claims is illegal.

*Law and Analysis*

At the outset, this court must consider whether it has jurisdiction to review petitioner's challenge to his removal order.

On May 11, 2005, the President signed into law the "REAL ID Act of 2005." (*See* Pub.L.No.109-13, Div. B, 119 Stat. 231.)  Section 106(a) of the Act amends INA § 242(a) to provide that a petition filed in the appropriate court of appeals, in accordance with § 242, is the sole and exclusive means for obtaining judicial review of an order of removal, and that a petition for writ of *habeas corpus* is not an appropriate vehicle for challenging a removal order.

Section 106(a)(1)(A)(iii) of the Act added the following language to INA § 242(a):

> (5) EXCLUSIVE MEANS OF REVIEW – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and section 1361 and 1651 of such title, a petition filed in the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e).  For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

These jurisdictional amendments became effective on May 11, 2005.  *See* § 106(b).

Finally, since this petition was filed after the enactment of the REAL ID Act of 2005, the transfer provision found in § 106(c) of the Act is not applicable to this case.  More specifically, section 106(c) provides:

> (c) TRANSFER OF CASES. – If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this

> division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

Based on the above, it is therefore clear that this court lacks jurisdiction to consider this *habeas corpus* petition which, in actuality, challenges petitioner's order of removal.[1]

Therefore,

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* [Doc. 1] be **DENIED** and **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

---

[1] It should be noted that petitioner did file a Petition for Review of an Order of the BIA with the Fifth Circuit Court of Appeals. *See Clarke v. Holder*, 07-60445 (5th Cir. 2009). There, petitioner sought review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal and affirming the immigration judge's order finding him ineligible for cancellation of removal. Petitioner also filed a Petition for Review of the BIA's denial of his motion for reconsideration. On December 17, 2009, the Fifth Circuit denied all relief requested by petitioner.

conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 21st day of November, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE